[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 98-9069
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20 2000
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-00124-4-HLM

SCI LIQUIDATING CORPORATION, f.k.a.
Sunrise Carpet Industries, Inc.,

Plaintiff-Appellee.

versus

HARTFORD FIRE INSURANCE COMPANY,
a Connecticut Corporation, HARTFORD
CASUALTY INSURANCE COMPANY, a
Connecticut Corporation,

Defendants-Appellants,

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____
**(June 20, 2000)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

The facts in this case are set out in our prior opinion, in which we certified the following question to the Supreme Court of Georgia on a controlling issue of law:

> DOES SEXUAL HARASSMENT OR RETALIATION BY A SUPERVISOR TRIGGER EXCLUSION SIXTEEN ON PAGE THREE OF THE UMBRELLA INSURANCE POLICY IN THIS CASE, WHERE THE INSURANCE POLICY EXCLUDES: "COVERAGE AFFORDED ANY OF [THE INSURED'S] EMPLOYEES TO 'BODILY INJURY' OR 'PERSONAL INJURY' . . . TO OTHER EMPLOYEES ARISING OUT OF AND IN THE COURSE OF THEIR EMPLOYMENT"?

SCI Liquidating Corp. v. Hartford Fire Ins. Co., 181 F.3d 1210, 1219 (11th Cir. 1999). The Supreme Court of Georgia responded, "we find that exclusion sixteen of the umbrella policy does not exclude coverage for Sunrise's claims originating from the sexual harassment suit." SCI Liquidating Corp. v. Hartford Ins. Co., 526 S.E.2d 555, 556 (Ga. 2000). In light of the Supreme Court of Georgia's response, we find that the district court correctly concluded that Plaintiff-Appellee SCI Liquidating Corporation ("SCI") was covered under the umbrella policy's "personal injury" provisions.

The district court found that SCI was covered under both the umbrella policy's "personal injury" provisions and the commercial general liability policy's "bodily injury" provisions. We reaffirm our prior holding that the district court erred in finding coverage under the commercial general liability policy. See SCI Liquidating

2

Corp., 181 F.3d at 1217.  Thus, we reverse the judgment for SCI against Defendant-Appellant Hartford Fire Insurance Company.

Because we conclude that SCI was covered under the umbrella policy and because the amount of damages is not in dispute, we affirm the judgment for SCI against Defendant-Appellant Hartford Casualty Insurance Company in the amount of $ 187,972.21, plus prejudgment interest, and $3,384 in costs.

REVERSED IN PART and AFFIRMED IN PART.